### Noel *against* Clark.

#### Error *to Pulaski Circuit Court.*

Where, in the declaration, the statement of the sum promised to be paid by the note
  sued on, is illegible, as where a word in the amount of the sum may be read *five*, or
  *four*, or *fine*, a demurrer should be sustained.

But if the defendant craves oyer of the note, and puts it on the record, and the note
  itself is legible, and the declaration may be so read as to agree with it, the defect is
  cured.   That which before was uncertain, is rendered certain.

This was debt on a note.  In the transcript sent up, the Clerk had
attempted a *fac simile* of one of the words used in the declaration in
stating the amount of the note, so that, from the transcript of the de-
claration alone, the note appeared to be for some hundreds of dollars,
but for how many, it was impossible to say.  The transcript then stated
that the defendant craved oyer, which was granted by filing the ori-
ginal, and the defendant then demurred, in short on the record.  This
being joined in, was overruled, and judgment was entered on the de-
murrer.  The note was not made a part of the record by being incor-
porated in any pleading; but a copy of it was inserted in the transcript,
by which it appeared to 'be for *four* hundred and thirty dollars and
twenty-six cents.

Hempstead and Johnson, for the plaintiff:

There is but one error in the record, and that is, that the Court
overruled the demurrer to the declaration.  After oyer was granted
by filing the original note sued on, the note became a part of the de-
claration or petition.  *Dough.*, 476.  The declaration or petition de-
scribes it as payable to the defendants in error; but the sum to be
paid cannot be ascertained from the declaration or petition, not be-
cause it is ambiguous in the note itself, but because, in the declaration,
the word to describe the sum may be *fine*, or *five*, more likely than
*four*, the word intended to be used by the pleader.  It is doubtless a
slip in pleading, but still not the less fatal.  In the note, the sum

Noel *against* B. & E. Clark.

payable is plainly four hundred and thirty dollars and twenty-six cents. Not so in the declaration or petition.

Here, then, there was a variance, for which the demurrer should have been sustained. The Court could not judicially know that it was the same note declared on: indeed, the legal presumption was, that, it was not, inasmuch as all pleas are to be construed most strongly against the party pleading.

Unquestionably, in cases of contract, the allegations of sums, magnitude, and duration, are in their very nature essential to the identity of the contract; from whence it follows that they are descriptive, and must be proved as laid, unless the mode of averment show that the party did not profess to make a precise statement.

A *scilicet* can give no latitude, where certainty and precision are recquired, or make a thing material which is not so in itself.

This is not a mere technical objection, but one of great importance, involving principles that are vital to jurisprudence.

In the declaration, as far as the statement of the sum in the promissory note is concerned, it might as well be a blank; because no one could tell, upon the closest examination, whether the word intended to describe a sum of money, is *fine,* which would be nonsense, or *five,* which it might be, or *four,* which, by a very violent intendment, it might be also. In fact, it might almost stand for any thing, and this, it is apprehended, is not the kind of certainty that is required in pleading.

It must not be forgotten that a declaration ought to show, plainly, and certainly, all the circumstances material for the maintenance of the action; since, if there are two intendments, it shall be taken most strongly against the plaintiff. *Pl. Com.,* 202, *b.* This is the general and inflexible principle in all pleading; a principle founded in reason and wisdom—on the known fact that he who asks redress is capable of stating minutely the facts which will entitle him to that redress.

As to variances, vide 1 *Stark. Ev.,* title Variance; 7 *Taunt.,* 399; 2 *Camp.,* 270; 5 *Taunt.,* 314; 12 *Common Law Rep.,* 239; 5 *Taunt.,* 707; 6 *T. R.,* 771; 1 *Strange,* 201.

TRAPNALL and COCKE, *Contra:*

55

This was an action of debt. The defendant demurred in short upon the record to the declaration, which was overruled by the Court, and judgment given for the plaintiff below. It does not appear from the transcript of the record before the Court, what was the objection taken to the declaration upon demurrer. From the plaintiff's brief, it appears that the ground of objection to the declaration was a supposed variance between the sum stated in the declaration and the sum contained in the note declared upon; that in the latter, the sum stated is four hundred, while in the former, " the closest examination could not tell whether the word intended to describe the sum of money mentioned in the note, is *fine*, or *five*, or *four*," which, he admits, " by a violent intendment, it might be." We submit to the Court, that this is a question which could not be tried by a transcript. It would be necessary to have the original declaration, that the Court might inspect the writing itself, before they could determine whether the one or the other of those words was used. The fact that the Circuit Court, by whom the original writing was inspected, overruled the demurrer, proves there was no variance.

By the *Revised Code*, title *Practice at Law*, sec. 60, the party demurring is required to express specially in his demurrer the defect or imperfection in the adverse pleading upon which he means to insist. And the 61st section makes it the absolute duty of the Court to amend all " defects or imperfections, other than those which the party demurring shall express in his, demurrer." The plaintiff in this case having filed a general demurrer, it was the duty of the Court to overrule it, and amend the declaration, if it was in any respect defective or imperfect.

But even if we are mistaken in this view of the subject, we insist that the plaintiff has not prepared his case in the Circuit Court, so as to present upon the record the question which he has discussed in his brief. The note copied into the transcript has been improperly placed there by the Clerk. By the prayer and grant of oyer, the note does not become a part of the record. It was obligatory upon the plaintiff, if he wished to take advantage of any thing contained in the note, upon oyer being granted, to set it out in his demurrer. Then, and not till then, would it become a part of the record. This principle

Noel *against* B. & E. Clark.

is learnedly discussed and conclusively settled in the case of *Rufus Easton, for the use of William Russell, vs. John Jones*, quoted at length in a note to the case of *John Polk, Assignee of the Farmers' and Mechanics' Bank, vs. Theodore Mitchell, Adm'r,* 1 *Harrington Rep.*, 433.

DICKINSON, J., delivered the opinion of the court:

The defendant in error, in his petition, states the note sued on so defectively, as to the sum demanded, that a demurrer would doubtless have been sustained for illegibility, had not the plaintiff in error, by craving oyer of the note, and placing it upon the record, made it a part of the previous pleading, and thereby cured this defect, which would otherwise have been fatal.

The note given upon oyer, clearly shows the amount of the indebtedness to be four hundred and thirty dollars and twenty-six cents.

The demurrer admits all the facts as set out in the pleadings, and being filed after oyer craved and granted, and the original note copied in the record, rendered that certain which was before uncertain.

The judgment of the Circuit Court must therefore be affirmed, with costs.